O'MEARA *v.* MICHIGAN DEPARTMENT OF AGRICULTURE.

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — STATE ACCIDENT FUND NOT LIABLE FOR MEDICAL SERVICES.

> The State accident fund is not liable for medical or hospital services rendered to injured employees of State institutions, Act No. 388, Pub. Acts 1913, providing that the premium paid by said institutions should not cover medical or hospital services not having been repealed by part 4, Act No. 64, Pub. Acts 1919, as determined by the department of labor and industry.

Certiorari to Department of Labor and Industry. Submitted October 4, 1923. (Docket No. 23.) Decided October 26, 1923.

Percy O'Meara presented his claim for compensation against the Michigan department of agriculture and the State accident fund for obligations incurred for medical services as the result of an accidental injury while in the employ of defendant department of agriculture. From an award of compensation against both defendants jointly, the State accident fund brings certiorari. Reversed and order vacated as to the State accident fund.

*Roy Andrus,* for appellant.

MCDONALD, J. On the 28th day of November, 1922, while employed in the Michigan department of agriculture the plaintiff suffered an accidental injury. He returned to work on December 4, 1922, at the same employment and at the same wages. The Michigan department of agriculture is a department of the government of the State of Michigan, and

On liability of employer or insurance company for medical aid furnished to injured employee under workmen's compensation acts, see note in 7 A. L. R. 545.

is subject to the provisions of the workmen's compensation law. The State accident fund was created by section 2, part 5, of the workmen's compensation law (Act No. 10, Pub. Acts 1912, extra session [2 Comp. Laws 1915, § 5478]). It was formerly attached to the office of commissioner of insurance, but by Act No. 180, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5487 [3]), the powers and duties of the commissioner of insurance, with respect to the State accident fund, were transferred to the State administrative board. At the time of his injury the plaintiff incurred certain obligations for medical services, for which he presented a claim to the department of labor and industry. The award held the two defendants jointly liable. The State accident fund has brought the proceedings to this court for review by writ of certiorari.

The facts are conceded. The liability of the department of agriculture is conceded. The only question involved is whether the State accident fund is also liable. By section 6 of Act No. 388, Pub. Acts 1913 (2 Comp. Laws 1915, § 9273), it is provided that medical expenses shall be paid by the State institution in which the employee is serving at the time of his injury, and that the premium or assessment required to be paid to the State accident fund by the various State departments shall not cover medical and hospital services. It was the opinion of the department of labor and industry that by implication this act was repealed by part 4 of Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5473), and that under this amendment the State accident fund is now liable for all reasonable medical, surgical and hospital services which a State department or State institution is required to furnish injured employees under the provisions of the workmen's compensation law.

An examination of part 4 of Act No. 64, Pub. Acts 1919, will show that it has no reference what-

ever to the State accident fund or to the payment of compensation and medical expenses by State departments and State institutions. It relates only to those employers who elect to become subject to the provisions of the workmen's compensation law, and provides what the insurance policies covering such employers shall contain.

The State accident fund is not required to issue policies to the departments; its liability for compensation is not based on contract, but is fixed by statute. Therefore, it is not affected by the provisions of this law relating to insurance policies and contracts. Nor has the subsequent statute any application to the medical expenses required to be paid by State departments and institutions. They have no election in the matter of becoming subject to the provisions of the workmen's compensation act. They are brought within the act by statute, and are required to pay premiums and assessments into a fund created for the purpose of paying compensation to all employees of the various departments, who suffer accidental injuries arising out of and in the course of their employment. It would seem to be unnecessary to make further comparison of these two statutes. They are in no respect in conflict. The commission reached a wrong conclusion.

As to the State accident fund the award is vacated.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.